IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROY ANTHONY HUIZAR, § | |
| Petitioner, § | |
| § | |
| V. § | |
| § | C.A. NO. C-05-397 |
| DOUG DRETKE, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutional Division, § | |
| Respondent. § | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION TO DISMISS**

In this habeas corpus action, petitioner challenges his 1991 conviction for the felony offense of unauthorized use of a motor vehicle. (D.E. 1, at 2). Respondent moves the Court to dismiss his petition for lack of jurisdiction as a successive petition. (D.E. 17).

For the reasons stated herein, it is respectfully recommended that the Court grant respondent's motion to dismiss petitioner's writ of habeas corpus.

## I. BACKGROUND

Respondent has lawful custody of petitioner pursuant to a judgment and sentence of the 36th Judicial District of Aransas County, Texas, in cause number 2395, styled State of Texas v. Roy Anthony Huizar. Ex parte Huizar, App. No. 5,205-05 at 115-16. Petitioner was indicted for the felony offense of unauthorized

use of a motor vehicle, with two enhancements for prior felony convictions.  Id. at 7-8.  On May 8, 1991, a jury found him guilty of unauthorized use of a motor vehicle, as charged in the indictment.  Id. at 115-16.  The trial court judge found the two enhancements to be true, and sentenced him to twenty-five years confinement in the Texas Department of Criminal Justice Correctional Institutions Division.  Id. at 114.  Petitioner filed a direct appeal of his conviction, which was affirmed by the Thirteenth Court of Criminal Appeals.  Huizar v. State, 841 S.W.2d 875 (Tex. App. 1992).

Petitioner also filed five state writs of habeas corpus.  His first two state writs raised challenges concerning his prior convictions that were used for enhancement purposes by the trial judge in cause number 2395.  Ex parte Huizar, App. Nos. 5,205-01, 5,205-02.  The remaining three state writs challenged his conviction of unauthorized use of a motor vehicle.  On September 30, 1991, he filed his third state writ, which was found to require no action by the Texas Court of Criminal Appeals because his direct appeal was still pending.  Ex parte Huizar, App. No. 5,205-03, at cover.  On May 9, 1997, he filed his fourth state writ, in which, he challenged his conviction for unauthorized use of a motor vehicle, which was dismissed as an abuse of writ by the Texas Court of Criminal Appeals.  Ex parte Huizar, App. No. 5,205-04, at cover.  He filed his fifth state writ, on August 4, 2003, which was also dismissed for abuse of writ pursuant to Section 4 of Article 11.07 of

the Texas Code of Criminal Procedure.  Ex parte Huizar, App. No. 5,205-05, at cover.

Additionally, petitioner has previously challenged these convictions and sentences in federal court.  On February 10, 1992, he filed his first federal habeas petition with the United States District Court for the Eastern District of Texas, which was ultimately transferred to this Court.  Huizar v. Director, No. C-92-056 (S.D. Tex. 1993).  On March 26, 1993, this Court dismissed his petition for failure to exhaust state court remedies.  Id.

On March 30, 1998, petitioner filed his second federal habeas petition challenging his conviction of unauthorized use of a motor vehicle.  Huizar v. Scott, No. C-98-137 (S.D. Tex. 1998).  This Court dismissed his petition as time barred. Id.

On August 8, 2005, petitioner filed this habeas petition.  (D.E. 1).  He claims that there was insufficient evidence to convict him because he was given permission to drive the vehicle, and that some evidence existed showing that he was given permission to use the vehicle.  Id. at 7-8.

Respondent moves to dismiss this petition for lack of jurisdiction as a successive petition because petitioner did not seek permission from the Fifth Circuit to file a successive petition.  (D.E. 17, at 5).  Respondent cites petitioner's prior federal habeas petition, which was dismissed as time barred, as a bar to the Court

hearing his current petition.  Id.

## II.  DISCUSSION

Petitioner's writ of habeas corpus is subject to review pursuant to the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to habeas petitions filed after its effective date of April 24, 1996).  Pursuant to AEDPA, federal habeas corpus review on a second or successive application is extremely limited.  A claim for habeas relief that was not submitted in the prior application must be dismissed unless the petitioner can show the claim relies on a new constitutional rule that the Supreme Court has held applies retroactively, or the facts for the claim could not have been previously discovered with due diligence, and if these facts were proven to be true, that in light of the record as a whole, "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty."  28 U.S.C. § 2244(b)(2).

However, pursuant to 28 U.S.C. § 2244(b)(3)(A):

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A three-judge panel of the appropriate court of appeals may authorize the second or

successive appeal upon the finding that the petitioner has made a prima facie showing that the application meets the statutory requirements. 28 U.S.C. § 2244(b)(3). The statute does not set forth a definition of the term "second or successive application." The Fifth Circuit, however, has held that "a later petition is successive when it: 1) <u>raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition</u>; or 2) otherwise constitutes an abuse of writ." <u>In re Cain</u>, 137 F.3d at 235 (citations omitted) (emphasis added).

    A habeas petition is not considered second or successive merely because it follows an earlier petition, but where it raises a claim that could have been raised, or was raised in an earlier petition, it is considered a second or successive petition. Petitioner is challenging his felony conviction of unauthorized use of a motor vehicle. (D.E. 1, at 2). He argues that there was insufficient evidence to convict him because he was given permission to use the vehicle. He has previously challenged this same conviction in a federal habeas petition, and raised the same grounds as he now raises. See <u>Huizar v. Scott</u>, No. C-98-137 (S.D. Tex. 1998).

    It is respectfully recommended that the Court construe petitioner's application as a second or successive petition. It is further respectfully recommended that if the Court finds that this petition is a subsequent habeas

application, then it cannot be properly considered by the Court because petitioner has not obtained permission from the Fifth Circuit to file a successive petition. See 28 U.S.C. § 2244(b)(3)(A).

### III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537

U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).

Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion to dismiss this petition for lack of jurisdiction be granted because petitioner has not obtained permission from the Fifth Circuit to file a successive habeas petition.  It is further respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

Respectfully submitted this 11th day of January 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).